

U.S. Department of Justice

United States Attorney
Eastern District of New York

PAN:AB

271 Cadman Plaza East
Brooklyn, New York 11201

July 16, 2015

<u>By Hand and ECF</u>

The Honorable Nicholas G. Garaufis
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: United States v. Anthony Donato,
      <u>05-CR-060 (NGG), 03-CR-929 (NGG)</u>

Dear Judge Garaufis:

   The government respectfully submits this letter in response to the Court's order, filed May 20, 2015, directing the government to respond to Donato's motion. On May 7, 2015, Donato moved to unseal documents that had been released to Vincent Basciano relating to the allegation that Cicale had propositioned another inmate, Carlos Medina, to falsely claim that a prison guard had asked Medina to kill Cicale on behalf of Vincent Basciano, the former acting boss of the Bonanno organized crime family, against whom Cicale had testified ("Cicale plot allegation"). Because Donato is not entitled to this discovery, cannot show good cause for discovery and appears to be attempting to subvert this Court's ruling denying his habeas petition, the government opposes Donato's motion.

 I. <u>Background</u>

  A. <u>Charges and Guilty Plea</u>

   On November 18, 2004, a grand jury sitting in the Eastern District of New York returned a second superseding indictment in Criminal Docket No. 03-929 (NGG), charging Donato, a soldier in the Bonanno family, with racketeering conspiracy, including three predicate acts of attempted murder and illegal gambling, and illegal gambling (the "'03 case"). Donato was arrested on November 19, 2004. On November 8, 2005, Donato pled guilty to racketeering conspiracy, including all the predicate acts with which he had been charged, and illegal gambling pursuant to the third superseding indictment (Criminal Docket No. 03-929, Docket Entry 375).

On April 17, 2008, a grand jury sitting in the Eastern District of New York returned a ninth superseding indictment in Criminal Docket No. 05-060 (NGG), charging Donato, along with Basciano and other members of the Bonanno family (the "'05 case"). Donato was charged in three counts related to the murder of Frank Santoro, including the conspiracy to murder Santoro in aid of racketeering (Count Six), murder in aid of racketeering (Count Seven) and use of a firearm in connection with the murder (Count Eight). On August 6, 2008, Donato pled guilty to Count Six of the ninth superseding indictment in the '05 case pursuant to a plea agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C). Donato's plea agreement specified an agreed-upon sentence of 25 years' imprisonment, comprising a 25-year sentence on the '03 conviction, with a 10-year sentence on the '05 conviction, to run concurrently with the sentence in the '03 case. See Plea Agreement ¶ 3 (attached as Exhibit A).

On December 6, 2008, the Court sentenced Donato to the exact sentence stipulated by the parties in the plea agreement, specifically, 300 months' imprisonment on the '03 conviction, with the 120-month term on the '05 conviction to run concurrently with the 300-month term. Donato did not appeal his convictions.

B.      Habeas Petition

On December 16, 2009, Donato filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence, which was premised in large part on the Cicale plot allegation. Among other claims, Donato asserted that the government's failure to disclose a letter from Medina regarding the Cicale plot allegations constituted a violation of Brady v. Maryland, 373 U.S. 83 (1963). Donato also sought discovery pertaining to his petition, including all Brady, Giglio and Jencks Act material previously released and to be released in connection with Basciano's prosecution in the '05 case. (See, e.g., 09-CV-5617 (NGG), Docket Entries 23, 28). In these requests, Donato also claimed, as he does here, that the government misrepresented the nature of its disclosure in its opposition to his habeas petition and that arguments for sealing were no longer justified. (See 09-CV-5617 (NGG), Docket Entry 23 at 4-5, Docket Entry 28 at 3-4).

Following the government's opposition (attached as Exhibit B) and additional motions by Donato, this Court, on September 20, 2012, denied Donato's petition and his motion for discovery and an evidentiary hearing and denied a certificate of appealability ("Habeas Order") (attached as Exhibit C). First, the Court noted that, other than his ineffective assistance of counsel claims, Donato's claims were procedurally barred because he failed to appeal his conviction or sentence and did not show cause for his default or actual innocence. (Habeas Order 3-6). The Court, which, by that point, had resolved Basciano's extensive motion practice relating to the Cicale plot allegation as well as presided over

2

Basciano's capital trial in which both Cicale and Medina testified, found that the government had provided Donato with the general contents of Medina's letter, the primary information Donato sought, prior to Donato's plea. (Id. at 4 (citing United States v. Mancuso, et al., 05-CR-060, Docket Entry 497, Memorandum and Order, at 7 ("As for the Cicale-related material, the Government has disclosed to all Defendants the details of the allegations against Cicale; the name of the witness who made the allegations and contact information for his attorney; affidavits prepared by prison employees during an internal investigation into the matter; and the results of the Government's investigation into the matter, namely that Cicale denies the allegations."))). As to Donato's ineffective assistance of counsel claim, asserting that his attorney misrepresented to him the potential sentence, the Court found, inter alia, that Donato failed to allege prejudice since

> Donato benefitted greatly from the plea agreement because: (1) he had already pleaded guilty to two other counts that carried a maximum combined sentence of twenty-five years, and thus faced a potential twenty-five year sentence on those counts alone whether or not he pleaded guilty to the 2008 charge; and (2) had Donato gone to trial and been convicted of murder in aid of racketeering, he would have face[d] a mandatory sentence of life imprisonment."

(Habeas Order at 10). The Court further found that any statement by Donato to the contrary was "self-serving and conclusory." (Id.).

Donato filed a notice of appeal by letter dated September 27, 2012, and, in a motion for a certificate of appealability filed on February 11, 2013, Donato argued primarily that this Court erred in denying his petition without a hearing and rejecting his argument that his counsel did not adequately investigate the Cicale plot allegation (attached as Exhibit D). In his argument, Donato repeated many of the same arguments advanced below, including that Cicale was the only witness to implicate him in the Santoro murder and that, without Medina's letter and related Cicale plot materials, Donato could not make an informed decision as to whether to plead guilty. (Ex. D at 2, 6-9, 14). On May 3, 2013, the Second Circuit issued its mandate, denying Donato's motion for a certificate of appealability and dismissing his appeal because Donato had "not made a 'substantial showing of the denial of a constitutional right.'" (09-CV-5617 (NGG), Docket Entries 36, 37) (citation omitted). The Supreme Court denied Donato's petition for a writ of certiorari on October 7, 2013. (Donato v. United States, 12-4042, Docket Entry 40 (2d Cir. 2013)).

C. Donato's Current Motion

In his motion to unseal, Donato seeks the documents that were provided on September 15, 2009 to Basciano. (Mot. 5, citing 05-CR-060, Docket Entries 722, 767, 771, 783, 784). This disclosure included a letter written by Medina and other BOP memoranda, with limited redactions of witness identification numbers and location.

II.   Donato's Motion Should Be Denied

A. Donato Has No Right To Discovery

Donato, who waived further disclosure in connection with his guilty plea (Ex. A, ¶ 4), does not have a petition for relief pursuant to 28 U.S.C. § 2255 or Fed. R. Civ. P. 60 currently pending before the Court and is therefore not entitled to discovery at this time. But even if he had a petition pending, as this Court has recognized in denying Donato's prior motions for discovery, Donato would not be entitled to the discovery he seeks. "A habeas petitioner, unlike the unusual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997); Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) ("There is no pre-motion discovery in a Section 2255 case . . ."). Under Rule 6 of the Federal Rules Governing Section 2255 Proceedings, a defendant must demonstrate "good cause" for a discovery request, which requires "specific allegations before the court . . . to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to such relief." Bracy, 520 U.S. at 908-09. As this Court has already found, Donato has not satisfied this standard: any additional impeachment information involving the Cicale plot allegation would not demonstrate that Donato is factually innocent of the Santoro murder conspiracy (much less the charges in the '03 case that did not involve the Santoro murder and relied on substantial evidence independent of Cicale) or that Donato would not have pleaded guilty. (Habeas Order at 6, 10). In addition, as this Court has already found, Donato already possessed significant impeachment information relating to the Cicale plot allegation prior to Donato's guilty plea. (Habeas Order at 4).[1] The additional material Donato seeks would be cumulative.

---

[1] The government, accordingly, did not misrepresent the adequacy of the information regarding the Cicale plot allegation that Donato possessed through Giglio disclosures and through the publicly-available opinion denying Basciano a new trial that was premised on the Cicale plot allegation. (See Ex. B at 9, 10, 8-19). Donato possessed the material information he needed to assess the Cicale plot allegation, including the substance of Medina's allegations against Cicale, Medina's name and contact information for Medina's attorney, that Medina had advised Bureau of Prison staff members regarding his allegations, and Cicale's denial of Medina's allegations.

4

Moreover, the Supreme Court has concluded that Brady does not create a right to discovery, see Weatherford v. Bursey, 429 U.S. 545, 559 (1977), and is not a post-conviction right, see Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68-69 (2009). The Osborne Court explained that a "criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man . . . . [o]nce a defendant has been afforded a fair trial and convicted of the offense for which he was charged, the presumption of innocence disappears." 557 U.S. at 68-69. The right to due process post-conviction "is not parallel to a trial right" and "Brady is the wrong framework." Id. at 69, 72 (finding no substantive due process right to DNA testing); accord United States v. Gotti, 488 F. App'x 514, 515 (2d Cir. 2012) (affirming denial of post-conviction motion to unseal certain wiretap recordings and trial transcripts). Rather, the Supreme Court held that any consideration of a claim to post-conviction access to evidence must examine whether the procedures for post-conviction relief "are fundamentally inadequate to vindicate the substantive rights provided." Osborne, 557 U.S. at 69. Here, Donato has already raised claims premised on the Cicale plot allegation and sought the same discovery in a § 2255 proceeding. He cannot show that the procedures there were facially inadequate or arbitrarily denied, as is required. See Osborne, 557 U.S. at 72.

Further, this Court's habeas ruling, for which a certificate of appealability has been denied by the Circuit, is now law of the case and reconsideration of this Court's prior decision is barred by the mandate rule. The mandate rule obliges district courts to follow the decision of the appellate court where issues have been explicitly or implicitly decided on appeal, see United States v. Minicone, 994 F.2d 86, 89 (2d Cir. 1993), and "bars the district court from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals," United States v. Stanley, 54 F.3d 103, 107 (2d Cir. 1995) (internal quotation marks and citations omitted); see also United States v. Quintieri, 306 F.3d 1217, 1229 (2d Cir. 2002). Moreover, the mandate rule precludes not only claims that actually were raised on the prior appeal but also claims that could have been raised but were not. See United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001). Because Donato raised his argument that this Court erred in not providing a hearing and in finding no prejudice in light of the impeachment value of the Cicale plot allegation, and the Second Circuit issued a mandate dismissing his appeal, this Court cannot grant the discovery Donato seeks, which is premised on the same theories that further investigation of the Cicale plot allegation would show that Donato's plea was involuntary. See, e.g., Wright v. Poole, - F. Supp. 3d - , 2014 WL 7691908, at *4 (S.D.N.Y. 2014).

More fundamentally, however, Donato's current motion appears to be an attempt to subvert this Court's ruling denying him discovery in his habeas proceeding. Such a blatant effort to evade the rulings of this Court should not be countenanced.

5

B. <u>Donato Is Precluded From Raising Cicale Plot Allegation Claims</u>

Even assuming Donato had some entitlement to the discovery he seeks, granting discovery here would be fruitless since the Cicale plot allegation materials would not lead to a reasonable probability of a different result in Donato's conviction.

In his current motion to unseal, Donato asserts that the discovery material he seeks is necessary to show that his due process rights were violated, rendering his guilty plea involuntary, and that the government committed misconduct in its opposition to his habeas petition by claiming that he was not prejudiced since the substance of the Cicale plot information was not withheld. (Mot. 1-2). Donato, however, raised the same claims in his habeas proceeding – claims that this Court rejected. Further, because Donato, on habeas appeal, raised his argument that this Court erred in finding his plea voluntary, and the Second Circuit issued a mandate dismissing his appeal, this Court cannot grant any relief premised on the same theory. <u>See</u>, e.g., <u>Wright</u>, 2014 WL 7691908, at *4; <u>Adams v. Artuz</u>, 2014 WL 347606, at *1 (E.D.N.Y. 2014). Even had the Second Circuit not ruled, Donato provides no compelling reason for this Court to deviate from its prior ruling. <u>See</u> <u>Quintieri</u>, 306 F.3d at 1225 (noting that in the absence of an intervening ruling on an issue by an appellate court, a court "should generally . . adhere[] to [its prior decision] . . . in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise"). Here, any new evidence would be cumulative of the impeachment information Donato already possessed and would not strengthen any argument he already made in support of his habeas petition.

Further, Donato raises no fact to undermine this Court's conclusions that he cannot show actual innocence or prejudice. Additional information by which to impeach Cicale does not show that Donato is factually innocent of the crimes to which he pleaded guilty. Nor has Donato credibly demonstrated that he would have insisted upon proceeding to trial. As this Court has noted, Donato's plea in the '05 case was favorable to him in that he avoided the possibility of a life sentence if convicted at trial and the plea enabled him to receive concurrent time to the sentence imposed in the '03 case – a sentence that, by itself, carried a maximum of 25 years' imprisonment.[2]

---

[2] Donato claims that only Cicale implicated him in the Santoro murder, but that assertion is incorrect. In Basciano's capital trial, Joseph Massino, the former official boss of the Bonanno family, testified that Patrick DeFilippo, who at the time of Santoro's murder was the captain of the crew in which Basciano and Donato were members, told Massino that "Dominick Cali [sic] was a shooter, Vinny [Basciano] was a shooter, and Anthony Donato was there." (<u>United States v. Basciano</u>, 05-CR-060 (NGG), Trial Transcript 4817-21, attached as Exhibit E). Massino also testified that Basciano later advised Massino that he and Cicale were shooters and Anthony Indelicato and Anthony Donato were present for the murder. (<u>Id.</u>). Further, Anthony Indelicato also admitted to Massino that Donato was

6

To the extent that Donato's current motion could be viewed as attacking the merits of his underlying conviction, it is a successive habeas petition, for which he must receive permission to file from the Second Circuit and must establish either that he relies on a new retroactive rule of constitutional law or "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3) & (4). Because Donato's current motion is premised on the same grounds as his prior petition, any motion would be procedurally barred. See, e.g., Bloomer v. United States, 162 F.3d 87, 191 (2d Cir. 1998). As shown above and in this Court's decision denying Donato's habeas petition, Donato cannot show cause for his default or prejudice, nor can he meet the gatekeeping standards to file a successive petition.

Further, interests of finality dictate that Donato's motion be denied. Donato has had his claims premised on the Cicale plot allegation reviewed, not only by this Court in rejecting Donato's and his co-defendant's motion for discovery, see United States v. Mancuso, et al., 05-CR-060 (NGG), Docket Entry 497 at 6-7, but also by this Court in reviewing his § 2255 petition and by the Second Circuit in reviewing his application for a certificate of appealability. See United States v. Parness, 536 F.2d 474, 475 (2d Cir. 1976) (per curiam) ("There comes a time in every federal criminal prosecution when a defendant, who has been accorded due process at the three levels of the federal judicial system and whose claims of error have been weighed and found wanting, should be required to serve the sentence which has been imposed upon him according to law. Otherwise, he makes a mockery of federal criminal justice."). Donato has received the judicial review of the claims premised on the Cicale plot allegation to which he is entitled and his conviction should remain undisturbed.

---

present. (Id.). Massino further testified that after the murder, Basciano sponsored Donato to be inducted into the crime family and Donato was inducted. (Id. at 4822). In addition, the government possessed other evidence corroborating Cicale's and Massino's testimony that Donato was part of the Santoro murder conspiracy.

7

III. Conclusion

        For all of these reasons, Donato's motion to unseal the Cicale plot allegation materials should be denied.

Respectfully submitted,

KELLY T. CURRIE
Acting United States Attorney

By:    /s Amy Busa
      Amy Busa
      Taryn A. Merkl
      Nicole M. Argentieri
      Assistant U.S. Attorney
      (718) 254-6274/6064/6232

cc:    Clerk of Court (NGG), by ECF
       Anthony Donato, by mail